UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Marite Badar Bucina, )  )  Plaintiff, )  )  v. )  )  Quantum3 Group, LLC, and )  Galaxy Asset Purchasing, LLC, )  )  Defendants. ) | Case Number: 1:14-cv-2113 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff brings this action against Defendants to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendants are debt collectors. While acting as debt collectors, Defendants attempted to collect a consumer debt from Plaintiff. In so doing, Defendants violated the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5). Plaintiff seeks actual, statutory, and punitive damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendants conduct business in this District and the conduct complained of occurred here.

**PARTIES**

4. Plaintiff, Marite Badar Bucina ("Bucina") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt by filing a time-barred proof of claim in her bankruptcy matter.

5. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant Quantum3 Group, LLC (hereinafter referred to as "Quantum") is a Delaware limited liability company, operating from an address at 12006 98th Ave., NE, Suite 200, Kirkland, WA 98034-4218, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Quantum attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Quantum was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Quantum is not authorized to conduct business in Indiana and does not maintain a registered agent here. Nevertheless, Quantum conducts business in Indiana.

8. Defendant Galaxy Asset Purchasing, LLC (hereinafter referred to as "Galaxy") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect or attempt to collect, delinquent consumer debts. Galaxy operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Galaxy was acting as a debt collector via its agent, Quantum, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. Galaxy is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, telephone calls, credit reporting, lawsuits and proofs of claims.

10. Galaxy is not authorized to conduct business in Indiana and does not maintain a registered agent here. Nevertheless, Galaxy does in fact conduct business in the State of Indiana.

**FACTUAL ALLEGATIONS**

11. During 2012 and early 2013, due to financial difficulties, Bucina was forced to stop paying some of her unsecured debts, including debts she allegedly owed to Galaxy.

12. Due to other financial difficulties, on October 15, 2013, Bucina filed a Chapter 13 bankruptcy petition in a matter styled In re: Bucina, S.D. Ind. Bankruptcy No. 13-10975-RLM-13.

13. Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2 is six (6) years from the date of last activity, on December 30, 2013, Galaxy, via its agent Quantum, filed a proof of claim (Claim No. 7) in the amount of $6,739.27 against Bucina in her bankruptcy. The claim admitted that the last activity on the account occurred during 1996. A copy of Galaxy's Proof of Claim is attached hereto as Exhibit "A".

14. Accordingly, Bucina's bankruptcy counsel was forced to object to the time-barred proof of claim via written objection, which was filed on August 13, 2014. A copy of Bucina's Objection to Galaxy's Proof of Claim is attached hereto as Exhibit "B".

15. On September 15, 2014, the Bankruptcy Court sustained the objection and disallowed Galaxy's time-barred proof of claim. A copy of the Court's Order is attached hereto as Exhibit "C".

16. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### VIOLATION OF § 1692e(5) OF THE FDCPA – TAKING AN ACTION THAT COULD NOT BE LEGALLY TAKEN

18. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt. see 15 U.S.C. § 1692e(5).

19. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See, McCollough v. Johnson, Rodenburge & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011). Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill 2008); Kimber v. Federal Financial Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

20. Attempts by debt collectors to collect time-barred debts by filing proofs of claims on time-barred debts in Chapter 13 bankruptcy cases have been found to violate the FDCPA. See, Crawford v. LVNV Funding, LLC, No. 13-12389, 2014 WL 3361226 (11th Cir. July 10, 2014).

21. By filing a bankruptcy proof of claim for a debt that was clearly time-barred under Indiana Law, Defendants Quantum and Galaxy took actions that they could not legally take and, thus, violated § 1692e(5) of the FDCPA.

22. Defendants' violations of §1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## VIOLATION OF § 1692e OF THE FDCPA -
## FALSE OR MISLEADING REPRESENTATIONS

23. Plaintiff adopts and realleges Paragraphs 1 – 22.

24. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt. See, 15 U.S.C. § 1692e.

25. By attempting to collect a debt in Indiana when they are not authorized to do so, Quantum3 and Galaxy violated § 1692e of the FDCPA.

26. Defendants' violation of §1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marite Badar Bucina respectfully requests that the Court find that the Defendants violated the FDCPA and enter judgment against Defendants Quantum3 Group, LLC and Galaxy Asset Purchasing, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn, #15377-49
Bradburn Law Firm
92 S. 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com